IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CLEVELAND S. ROGERS,**

    **Plaintiff,**

vs.                                                                   CASE NO. 4:07CV125-RH/AK

**JUDGE SAUL SANDERS, et al.,**

    **Defendants.**

_____/

## O R D E R

Plaintiff, an inmate proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1).

As a preliminary matter, local court rules provide that no "civil action commenced by *pro se* litigants under 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, or 1346, shall be considered by the court unless the appropriate forms have been properly completed and filed by the litigant." N.D. Fla. Loc. R. 5.1(J)(2). Plaintiff must, therefore, submit an "amended complaint," clearly designated as such, on court forms which will be provided to him by the Clerk of Court.

As for the merits of Plaintiff's claims, he has named the Circuit Court Judge, who sentenced him, and the State Attorney, who prosecuted him for what he describes as an "illegal sentence" he received in 1991. He wants a declaratory judgment that the actions taken violated his constitutional rights and damages.

The absolute immunity of a defendant is one of a number of grounds which justifies § 1915(d) dismissal. Clark v. Ga. State Pardons and Parole Bd., 915 F.2d 636, 640 n. 2 (11th Cir. 1990) and cases cited. If a judge is acting in his judicial capacity, he is entitled to absolute immunity from liability for damages under Section 1983 unless he acts in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978). In Stump v. Sparkman, the United States Supreme Court set "forth a two-part test for determining when a judge is entitled to immunity from money damages liability when sued under Section 1983." Simmons v. Conger, 86 F.3d 1080, 1084 (11th Cir. 1996), *citing* Stump, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978). "The first part of the test is whether the judge dealt with the plaintiff in a judicial capacity." Simmons, 86 F.3d at 1084-1085, *quoting* Stump, 435 U.S. at 362, 98 S. Ct. at 1107. Immunity would only exist if the judge dealt with the plaintiff in a judicial capacity. 86 F.3d at 1085; 435 U.S. at 362, 98 S. Ct. at 1107. In this case, it appears certain that Judge Sanders acted in his judicial capacity when he sentenced Plaintiff. Therefore, Judge Sanders' actions satisfy the first part of the test for determining the applicability of judicial immunity.

If this first part is satisfied, the second part of the test looks at "whether the judge acted in the 'clear absence of all jurisdiction.'" 86 F.3d at 1085; 435 U.S. at 357, 98 S. Ct. at 1105, *quoting* Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351, 20 L. Ed. 646

(1872).  Plaintiff claims that the sentence was vacated for lack of jurisdiction, specifically that the judge could not "impose a prison sentence on expired probation."  It is not clear at this point whether this would meet the second prong of the test and Plaintiff should, if possible, attach a copy of the Order vacating his prior sentence to the amended complaint, which might shed light on the jurisdictional question.

Prosecuting attorneys are also absolutely immune from their acts in initiating or pursuing criminal prosecution.  Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999).  Such absolute immunity extends to a prosecutor's "acts undertaken...in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State."  Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S. Ct. 2606, 125 L.Ed.2d 209 (1993).   Such immunity extends to most court appearances, including examining witnesses and presenting evidence.  Burns v. Reed, 500 U.S. 478, 492 (1991).  A prosecutor has only qualified immunity for actions not considered being an advocate for the state.  Buckley, at 269-70.  Further, prosecutors do not enjoy absolute immunity for their legal advice to law enforcement or making false statements about a case.  *Id.*  Prosecutors do not enjoy immunity for their actions as an investigator.  Id., at 275.  A prosecutor functions as an investigator when "he search[es] for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested."  Id, at 273.  Or when he visits a crime scene or participates in a search.  Rowe v. City of Ft. Lauderdale, 279 F.3d 1271, 1280 (11th Cir. 2002).  Immunity does extend to a prosecutor even if he offers perjured testimony or fabricated exhibits.  Id., at 1279-80.

Plaintiff does not explain what Defendant Poitnger did except to "suggest[] a prison sentence of (5) years" without legal jurisdiction.  Again, if Plaintiff will attach a copy of the state court order vacating the prison sentence of which he complains this will aid the Court in understanding the claims he is asserting against both of these defendants.

Plaintiff should not name the Circuit Court of Leon County as a defendant in the amended complaint since a court is not a suable entity under 42 U.S.C. § 1983, and Plaintiff should name only those persons whom he alleges violated his rights.

Plaintiff complains about a sentence imposed in 1991, which he now alleges was vacated in 2005.  The statute of limitations on a civil rights is governed by the forum state's residual personal injury statute of limitations.  Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).  In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act."  Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988).  Plaintiff's claims appear to be barred by the statute of limitations since the alleged illegal act would have occurred in 1991 and not when the sentence was vacated in 2005.

Finally, since Plaintiff seeks a judgment that the sentence violated his rights it would seem that this relief has already been afforded to him when the state vacated this sentence.  Further, "compensatory damages under § 1983 may be awarded only based on *actual injuries* caused by the defendant and cannot be presumed or based on the

abstract value of the constitutional rights that the defendant violated." Slicker v. Jackson, 215 F.3d 1225, 1229 (11th Cir. 2000) (emphasis by the court), *citing* Memphis Comm. Sch. Dist, v. Stachura, 477 U.S. 299, 309-310, 106 S.Ct. 2537, 2544, 91 L.Ed.2d 249 (1986) and Carey v. Piphus, 435 U.S. 247, 264, 98 S.Ct. at 1042, 1052, 55 L.Ed.2d 252 (1978).   Plaintiff seeks damages for false imprisonment, emotional injury, lost wages and employment, medical coverage, and various other losses.  Emotional injuries are not compensable without an accompanying physical injury.  42 U.S.C. § 1997e(e).  Further, if he has been incarcerated on another sentence during the time in question, he would not be entitled to damages for lost wages, employment, medical coverage and other losses incidental to incarceration if he is incarcerated on another legal sentence.  Plaintiff should explain in the amended complaint what sentence he is presently incarcerated upon and how his damages are related to the illegal sentence of which he complains.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.  If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form.  Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation.  In civil rights cases, more than conclusory and vague allegations are required to state a cause of action.  *See*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).  Therefore, if Plaintiff cannot state exactly how a particular Defendant harmed him, he

should delete or drop that person as a Defendant from the complaint. In presenting the claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend the complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint." The amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original complaint. An amended complaint completely replaces all previous complaints and they are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint containing an original signature with the Court and keep an identical copy for himself. Plaintiff need not file service copies until instructed to do so by the Court. However, if Plaintiff is able to demonstrate exhaustion and adequately allege the involvement of each Defendant such that liability is proper, Plaintiff may provide sufficient service copies at the time he files the amended complaint to expedite these proceedings.

Accordingly, it is

**ORDERED:**

1. The Clerk of Court is directed to forward to Plaintiff a §1983 complaint form, so that Plaintiff can file his amended complaint in its entirety.

2. Plaintiff shall have until **May 21, 2007**, to file an amended civil rights complaint, which shall be typed or clearly written and submitted on court forms.

3. **Failure to comply with the order of this court may result in a recommendation of dismissal of this action.**

Case No. 4:07CV125-RH/AK

**DONE AND ORDERED** this <u>**8th**</u> day of May, 2007.

                <u>***s/ A. KORNBLUM***</u>
                **ALLAN KORNBLUM**
                **UNITED STATES MAGISTRATE JUDGE**